IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES E. NELSON,

           **Plaintiff,**

v.                                                   Civil Action No. 3:20cv803

L. ELLIS, *et al.*,

           **Defendants.**

## MEMORANDUM OPINION

James E. Nelson, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this civil rights action. The matter is before the Court on Nelson's failure to serve Defendants Harris and Willoughby within the time required by Federal Rule of Civil Procedure 4(m).[1]

## I. Procedural History

Pursuant to Federal Rule of Civil Procedure 4(m), Nelson had ninety days from the filing of the complaint to serve Defendants. Here, that period commenced on April 1, 2021.[2] By Memorandum Order entered on that date, the Court attempted to serve the ten Defendants named in the Complaint at the addresses provided by Nelson. The Court was able to successfully serve a number of the Defendants, including Global Experts and Outsourcing, Inc. ("GEO Group"), the

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

corporate entity that operated Lawrenceville Correctional Center ("LCC") where all Defendants had worked. The Court, however, was unable to serve Defendants Ellis, Harris, Lockhart, Jones, and Willoughby. With respect to Defendants Harris and Willoughby, the Marshal indicated that Defendant Harris and Willoughby were no longer employed at LCC and no forwarding information was available. (ECF No. 15, at 4–5, 9.)

By Memorandum Order entered on September 30, 2021, the Court directed the defendants who had been served, including GEO Group, to provide the last known addresses for Defendants Ellis, Harris, Lockhart, Jones, and Willoughby under seal. (ECF No. 47.) Thereafter, by Memorandum Order entered on December 13, 2021, the Court directed the Clerk to issue process for Defendants Ellis, Harris, Lockhart, Jones, and Willoughby at the addresses provided by the defendants who had been served. (ECF No. 60.)

On December 28, 2021, the Marshal returned the summons for Defendant Willoughby unexecuted because he could not locate Defendant Willoughby at her last known address. (ECF No. 63.) On January 19, 2022, the Marshal returned the summons for Defendant Harris unexecuted. (ECF No. 66.) The Marshal stated, "I was unable to locate subject after (3) endeavors. Neighbor also stated a Cordney Harris doesn't live here." (ECF No. 66, at 2.) By Memorandum Order entered on July 13, 2022, the Court directed Nelson to good show cause why his claims against Defendants Willoughby and Harris should not be dismissed for failure to serve them in a timely manner.[3] (ECF No. 88.)

On July 29, 2022, Nelson filed a Motion to Provide Addresses of Defendants. (ECF No. 95.) In his Memorandum in support of that motion, Nelson asserts that Defendants Ellis, Lockhart, and Jones should provide the Court with the last known address for Defendants

---

[3] The Marshal eventually was able to serve Defendants Ellis, Lockhart, and Jones and they have filed a Motion for Summary Judgment. (ECF No. 113.)

Willoughby and Harris. Nelson fails to advance any plausible reason why Defendants Ellis, Lockhart, and Jones would have a more current address for Defendants Willoughby and Harris than the addresses previously provided by the former employer of these Defendants, GEO Group. Accordingly, Nelson's Motion to Provide Addresses of Defendants will be DENIED. (ECF No. 95)

## II. Analysis

The Court notes that Nelson's incarceration alone is not a valid reason for failing to serve Defendants Harris and Willoughby in a timely manner. *See Hogge v. Stephens*, No. 3:09CV582, 2011 WL 4352268, at *2 (E.D. Va. Sept. 16, 2011) (concluding that incarceration is not good cause or excusable neglect justifying a delay in service of process); *Jones v. City of Va. Beach*, No. 3:09CV754–HEH, 2011 WL 2678833, at *1–2 (E.D. Va. June 30, 2011) (concluding that plaintiff, despite his incarceration, remained responsible for serving defendants in accordance with Rule 4(m)). Rather, "[t]he court can find good cause to extend the service deadline only if the plaintiff made 'reasonable and diligent efforts to effect service' within the [90]-day period." *McCollum v. GENCO Infrastructure Solutions*, No. 3:10–CV–210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (quoting *United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1378544, at *5 (E.D. Va. May 8, 2007)). Examples of good cause include situations in which a defendant evaded a plaintiff's attempts to perfect service; where a plaintiff attempted to, but could not, identify a defendant's address; and where there was evidence of settlement discussions between the parties. *Id.* (citing cases).

Nelson initially made reasonable efforts to obtain the addresses of Defendants Harris and Willoughby. Pursuant to those efforts the Court ordered the defendants who had been served to provide the Court with the last known addresses for Defendants Harris and Willoughby and

ordered the Marshal to attempt to serve them at those addresses even though the ninety-day service period already had elapsed.  In the last six months, Nelson has not made reasonable or diligent efforts to obtain an appropriate address for Defendants Harris and Willoughby.  Over six-hundred days after the commencement of the Rule 4(m) period have passed, but Nelson has not served Defendants Harris and Willoughby.

Furthermore, nothing submitted by Nelson gives this Court any indication that Defendants Harris or Willoughby will be properly served at any time in the future.  *See Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010) (dismissing defendants where plaintiff failed to serve defendants within the older 120 day period and did not suggest means for effecting service in the future); *Greene v. Neven*, No. 3:07–CV–00474–LRH–VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010) (dismissing defendants where plaintiff failed to show good cause existed for a fifteen-month delay in service and failed to show "that he [would] be able to effectuate service . . . at any time in the future."); *see also Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants").

Nelson fails to demonstrate good cause for his prolonged failure to serve Defendants Harris and Willoughby.  Accordingly, all claims against Defendants Harris and Willoughby will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 2/3/2023　　　　　　　　　　　　　　/s/
Richmond, Virginia　　　　　　　　　　　M. Hannah Lauck
　　　　　　　　　　　　　　　　　　　　United States District Judge